# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs)  **No. 12-0368** (Wood County 10-F-56)

**Jaymason Robinson,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jaymason Robinson, by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's sentencing order entered on February 13, 2012. Respondent State of West Virginia, by counsel Scott E. Johnson, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with two counts of murder and two counts of concealment of a deceased human body based on the shooting deaths of Lester Wratchford and Eric Sprouse. On September 4, 2009, the two victims came to petitioner's residence with a man named James Denton. The two victims went into a bedroom with petitioner, wherein he shot them each in the head. Petitioner claims that the two men were seeking drugs, and that one of the men reached for a gun lying on petitioner's bed. Petitioner claims he grabbed the gun and shot the men when they charged toward him because he felt his life was in danger. Denton, then in the kitchen, ran from the home. Another witness, Crystal Smith, was in the house at the time and heard the shooting. She then saw petitioner leave the bedroom with blood on his shirt, and he directed her to call the owner of the home, James Walters Jr., and ask him to return home. He did so and ordered Smith to leave, which she did. Walters and petitioner then wrapped the bodies in tarps and put the bodies in the car that the victims had driven to the home. Petitioner and Walters then drove to a logging road and dumped the bodies over a hillside and covered them with brush and logs.

On March 18, 2011, petitioner was found guilty of two counts of voluntary manslaughter, a lesser included offense to murder, and two counts of concealment of a deceased human body. On June 7, 2011, the circuit court held a hearing on petitioner's previously filed motion for post-trial judgment of acquittal or, in the alternative, motion for new trial. The motion was denied. Petitioner was then sentenced to fifteen years of incarceration on each manslaughter charge and one to five years of incarceration on each concealment charge.

1

Petitioner first argues that the trial court erred by failing to grant petitioner's motions for directed verdict or judgment of acquittal based on the contention that the State failed to introduce evidence constituting a prima facie case of voluntary manslaughter. We have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). We also note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). The circuit court properly instructed the jury that voluntary manslaughter occurs when the defendant feloniously, unlawfully, and intentionally, but without premeditation, deliberation, or malice, kills the victim. *See State v. McGuire,* 200 W.Va. 823, 833-34 n.25, 490 S.E.2d 912, 922-23 n.25 (1997). This Court has found that "if one voluntarily does an act, the direct and natural tendency of which is to destroy another's life, it fairly may be inferred, in the absence of evidence to the contrary, that the destruction of that other's life was intended." *State v. LaRock,* 196 W.Va. 294, 305, 470 S.E.2d 613, 624 (1996). A review of the record shows that the State did present evidence constituting a prima facie case of voluntary manslaughter. Petitioner shot both victims at close range, and shot them more than once. The jury heard the evidence and agreed. This Court finds no error in the circuit court's denial of the motion for judgment of acquittal.

Petitioner next argues that the trial court erred by ruling adversely to petitioner on numerous evidentiary admissibility issues throughout the trial, which he claims resulted in his convictions for voluntary manslaughter. Petitioner also argues that the circuit court should not have given a jury instruction on flight because petitioner turned himself in four days after the shooting. Petitioner additionally argues that the court granted the State's motion to strike for cause the only African-American juror during voir dire because she allegedly failed to provide accurate information. Petitioner argues that this is a violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712 (1986). Finally, petitioner argues that this Court should reverse its holding in *State v. Dilliner,* 212 W.Va. 135, 569 S.E.2d 211 (2002), and allow special interrogatories in criminal cases.

First, the jury instruction on flight was proper, and petitioner pointed to no legal or factual error on this point. As this Court has stated,

The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. Pt. 6, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97, 459 S.E.2d 374 (1995). The instruction in this case was similar to the one approved by this Court in *State v. Payne,* 167 W.Va. 252, 267-68, 280 S.E.2d 72, 81 (1981), and we find no error in the instruction.

As to the motion to strike the African-American juror, petitioner gives absolutely no factual or legal support for his contention that this action violated *Batson.* However, the State points out that the juror was struck for cause based on untruthful responses to questioning and a lack of understanding of the legal system. We find no error in this regard. As to petitioner's assertion that this Court should overrule *Dilliner,* we find no merit in petitioner's request. This Court declines to overrule *Dilliner* at this time.

Next, petitioner argues that the trial court erred by responding to the jury's question regarding malice and the connection between malice and the events occurring before, during, and after the shooting. Petitioner contends that the trial court's response confused the jury and caused them to infer an intent to kill from defendant's actions and conduct after the shooting. These questions from the jury were read into the transcript:

> In the instructions, the definition of malice includes the words . . . "before and after the event." "Does the event just include Counts One and Two [the murder counts]?" "Do we consider Counts Three and Four [disposing of a body] as part of the event, or are they separate events from One and Two?"

The court responded to the first question with "The event is the death of Mr. Sprouse and Mr. Wratchford" and to question two, "the facts and circumstances of Counts Three and Four may be considered by you in determining whether there was malice, but recall that malice must have existed prior to the commission of Counts One and Two." Petitioner argues that the second response confused the jury. First, this Court notes that petitioner did not object to the proposed answers, even stating affirmatively that he had no objection. Thus, the issue is waived and precludes review. Moreover, the question and answer relate to malice, but petitioner was convicted of voluntary manslaughter which does not require malice. Where a jury convicts on voluntary manslaughter, any error related to malice is, at best, harmless. *See*, *State v. Mason,* 162 W.Va. 297, 307, 249 S.E.2d 793, 799 (1978).

Finally, petitioner argues that the trial court erred by failing to declare a mistrial or otherwise render judgment in favor of petitioner due to the ineffective assistance of petitioner's trial counsel in allowing testimony to be introduced showing that petitioner was a drug dealer. However, as we have previously stated:

3

"It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 10, *State v. Hutchinson,* 215 W.Va. 313, 599 S.E.2d 736 (2004). Petitioner has not shown this to be one of the "extremely rare" cases in which this Court should address ineffective assistance of counsel on direct appeal. This Court is not deciding ineffective assistance of counsel in the course of this appeal because the matter would more appropriately be addressed pursuant to a petition for writ of habeas corpus. If he desires, petitioner may pursue a petition for writ of post-conviction habeas corpus. We express no opinion on the merits of this issue or of any habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4